UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DOMINIC J. ROSS | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 19-13929 |
| PORTS AMERICA GULFPORT, INC. ET AL. | * | SECTION "F" (2) |

## ORDER AND REASONS ON MOTION

Before me is a Motion for More Definite Statement (ECF No. 43) filed by Defendants Ceres Gulf, Inc., Ceres International Terminal, Inc., Dennis Cucinello, Joe Lala, Juan Galloway and Midgulf Association of Stevedores, Inc., scheduled for submission on August 12, 2020. To date, Plaintiff has not filed an Opposition Memorandum, which should have been filed by August 4, 2020, pursuant to Local Rule 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1]

Having considered the record, the written submissions of counsel, and the applicable law, the motion is DENIED for the reasons set forth herein.

**I.  BACKGROUND**

Plaintiff filed this suit pro se on November 27, 2019 alleging race discrimination and a variety of other causes of action. ECF No. 1. Through counsel, he filed a First Amended Complaint in this matter on July 1, 2020. ECF No. 41.

Defendants Ceres Gulf, Inc., Ceres International Terminal, Inc., Dennis Cucinello, Joe Lala, Juan Galloway and Midgulf Association of Stevedores, Inc., request that the Court order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). ECF No. 43. Defendants argue that the Complaint, as amended, primarily fails to make clear what claims

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

Plaintiff is seeking to assert against which of the numerous named defendants, and as a result, they cannot respond properly to the claims. They disclaim any desire for more factual allegations. Rather, they seek to require Plaintiff to identify which causes of action he alleges as to each defendant rather than simply referring to the defendants as a group. ECF No. 43-1, at 3-5.

## II.     LAW AND ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not provide "detailed factual allegations," but must simply provide the plaintiff's grounds for entitlement to relief.[2]

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response."[3] A Rule 12(e) motion must state the defects in the pleading and the details desired.[4] Motions for more definite statements are generally disfavored because of the liberal pleading standards of Rule 8.[5] If, however, a pleading "fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[6]

Rule 12(e) essentially provides a remedy for unintelligible pleadings, and is successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading

---

[2] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[3] Fed. R. Civ. P. 12(e). Rule 12(e) looks to "whether the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer." *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) (citations and quotation omitted).
[4] *Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581 (2014).
[5] Rule 8 simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests. *See, e.g., Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581, 590-91 (E.D. La. 2014) (citations omitted).
[6] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

does not provide sufficient notice."[7]  In deciding whether to grant a Rule 12(e) motion, "[t]he trial judge is given considerable discretion."[8]

Plaintiff's Complaint, as amended, is certainly no model of clarity.  It does, however, provide Defendants with sufficient notice of the claims.  Merely grouping the defendants together without specifying which claims are asserted against which particular defendant is insufficient to require a more definite statement.[9]

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant's motion (ECF No. 41) is DENIED.

New Orleans, Louisiana, this __13th__ day of August, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Dubuque Barge & Fleeting Serv., Inc. v. Plaquemines Parish Gov't*, No. 10-0516, 2010 WL 1710372, at *2 (E.D. La. Apr. 23, 2010) (citations omitted).
[8] *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).
[9] *See Alford*, 13 F. Supp. 3d at 591 (denying Rule 12(e) motion that "improperly grouped all of the defendants together").