UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINIC ROSS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13929** |
| **PORTS AMERICA GULFPORT, INC et al** | **SECTION A(2)** |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 116)** filed by Defendants Ceres Gulf Incorporated ("CGI"), Ceres International Terminals, Inc. ("CIT"), Dennis Cucinello, Juan Galloway, Joe Lala, Midgulf Association of Stevedores, Inc ("MAS"), Ports America Louisiana, L.L.C. ("PAL"), Waterfront Employers of New Orleans ("WENO"), Waterfront Tutor, Inc.  The motion is before the Court on the briefs without oral argument.  For the following reasons, the Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff Dominic Ross worked for two of the named Defendants in the years 2018 and 2019.  This lawsuit pertains to the alleged race-based discrimination he sustained while working for PAL and CGI.  The Plaintiff worked in the maintenance shops of both PAL and CGI, first being hired by PAL on June 22, 2018, then later by CGI on December 20, 2018.  PAL and CGI are members of the Defendant MAS, which is a maritime trade association which provides collective bargaining with various local longshoremen unions.  Also named as a Defendant is Defendant WENO, which does payroll and administrative tasks for MAS's member employers.  Finally, Defendant Waterfront Tutor is a separately incorporated entity that provides training for

MAS members.  At no point in time did the Plaintiff work for MAS, WENO, or Waterfront Tutor.

The basis for Plaintiff's lawsuit is the alleged race-based discrimination and retaliation throughout his employment with both PAL and CGI.  During his employment with PAL, Plaintiff worked primarily for Maintenance and Repair Manager Dennis Cucinello.  During his employment with CGI, the Plaintiff worked for the Manager of the Chassis Repair Shop Joe Lala and foreman Juan Galloway.

The Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against PAL on June 21, 2019, which the EEOC dismissed as untimely on September 24, 2019.  The Plaintiff filed a charge with the EEOC against CGI on June 20, 2019, which after an investigation closed its file after not being able to conclude that any violations occurred.  The EEOC notified the Plaintiff of his right to file the current lawsuit within 90 days, which he did on November 27, 2019.  In his complaint, the Plaintiff has alleged nineteen different causes of action against eleven different defendants.

**LEGAL STANDARD**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). "[A] dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 707–08 (5th Cir. 2021) (quoting

*Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Sedgwick James*, 276 F.3d at 759 (citing *Anderson*, 477 U.S. at 255).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Sedgwick James*, 276 F.3d at 759 (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. Id. (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Furthermore, prior to pursuing a Title VII claim in federal court, claimants must first exhaust the available administrative remedies. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir.2002). The timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action. *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir.2006). It is more than well-settled that in a deferral state, such as Louisiana, a charge of discrimination must be filed within 300 days of the alleged unlawful employment practice. *42 U.S.C. § 2000e-5(e)(1)*; *Janmeja v. Bd. of Supervisors of La. State. Univ.*, 96 Fed. Appx. 212, 214 (5th Cir. 2004). Once the EEOC has issued a Right to Sue Letter, the

complainant has 90 days in which to file a Title VII action in federal court. *Id.* Failure to file within the 300-day filing requirement acts as a prescriptive period and precludes recovery. *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 391 (5th Cir. 2002). The date in which this period begins is the date of notice of termination. *See Stith v. Perot Sys. Corp*, 122 Fed. App'x 115, 117 (5th Cir. 2005).

To succeed on a claim of race-based discrimination, the Plaintiff must state a prima facie case by demonstrating: 1) that he is a member of a protected class; 2) that he was qualified for the position he held; 3) that he was subjected to adverse employment action; and 4) that other similarly situated employees outside his protected class were treated more favorably. *E.g.*, *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)

## ANALYSIS

In the present motion, the Plaintiff has conceded that the Defendants' motion should be granted on all claims except the race-based discrimination claims. Therefore, all the other elements of the Defendants' motion are GRANTED without further discussion. Defendants Ceres International Terminals, Inc., Dennis Cucinello, Joe Lala, Juan Galloway, MAL, PAL, Waterfront Employers of New Orleans, and Waterfront Tutor are granted summary judgment with respect to this motion as they were unopposed in the briefing of these motions. *See, e.g., Miller v. B.P. Exploration & Prod.*, No. 17-4441, 2022 U.S. Dist. LEXIS 155735, at *6 (E.D. La. Aug. 30, 2022) (district courts may accept moving party's evidence as undisputed when a properly supported motion for summary judgment is unopposed); *accord Butler v. Smucker Foodservice, Inc.*, No. 14-1569, 2016 U.S. Dist. LEXIS 132720, at *7 (E.D. La. Jan. 19, 2016) (Zainey, J.) (granting summary judgment on unopposed issue). Finding that all other claims are

extinguished, the Court turns its attention to the Title VII and Louisiana Employment Discrimination Law ("LEDL") claims of race-based discrimination against CGI.

First, it is uncontested that the Plaintiff was a member of a protected class. The record is uncontroverted that the Plaintiff was a Black male. The plaintiff can reach his burden on this element, as the record is clear, and the element is uncontested by CGI. The main point of contention is the remaining three elements, namely whether the Plaintiff was qualified for the position he held. It appears from the record and evidence provided that Mr. Lala, the Plaintiff's supervisor objectively assessed the Plaintiff's performance and found it to be less skilled than his diverse group of coworkers. (Rec. Doc. 117-1). Furthermore, Mr. Lala was aware that the Plaintiff was the subject of several complaints from customers while he was employed in the Chassis Repair Shop at CGI. *Id*. Mr. Lala was the manager of the entire shop. Mr. Galloway was the Plaintiff's direct supervisor. Mr. Galloway concluded that the Plaintiff was qualified for the position and that he produced good quality work as a tire repair mechanic. (Rec. Doc. 117-2, at p. 25). However, the Court notes that these two men may have had different perspectives with respect to the Plaintiff's employment, leading to their different opinions. Mr. Lala, unlike Galloway, had the sole discretion for hiring and firing employees. Most notably, the Plaintiff was considered a probationary-status worker at the time of his termination. Mr. Lala explained that the quality of the day-to-day work is only one consideration when assessing these types of employees, but also success in cross-training of skills, attitude, complaints from other employees and customers were among the other attributes he assessed. The Court finds that the difference between the two supervisors does not necessarily lead to a conclusion that there is a genuine issue of material fact as it relates to the Plaintiff's burden to show he was qualified for the position he held.

Secondly, the Plaintiff must show that CGI took adverse employment action against the Plaintiff. Since the Plaintiff was terminated, the Plaintiff would be able to establish his burden on this element. However, CGI described a legal reason for its decision to fire the Plaintiff, which consisted of more than just poor performance but also customer complaints about such performance. Lastly, the Plaintiff must prove that similarly situated employees outside of his protected class were treated more favorably than the Plaintiff. The Plaintiff is not able to show prima facie evidence to support the complaint he has alleged. The Plaintiff cannot identify a single similarly situated employee outside of his protected class who was treated more favorably than he was. Plaintiff has not identified another probationary employee in the same job classification who was treated differently than the Plaintiff. For this final element, the Plaintiff must show that the comparable employee was nearly identical. *See Mayberry v. Vought Aircraft*, 55 F.3d 1086, 1090 (5th Cir. 1995); *Manzalla v. UPS*, 2004 U.S. Dist. LEXIS 4610, *1, *12 (E.D. La. Mar. 19, 2004) (Livaudais, J.). In the absence of a single comparator, it is the failure to produce a prima facie case on this fourth element alone that supports a motion for summary judgment in favor of the CGI.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 116)** is **GRANTED**.

August 4, 2023

                                                                 JUDGE JAY C. ZAINEY

                                                              UNITED STATES DISTRICT JUDGE